UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL E. CIMINI,

               Plaintiff,

                         Civil Case No.    05-CV-71392-DT

                         Crim. Case Nos. 02-CR-80216-01-DT
vs.                                02-CR-80383-01

                         HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

               Defendant.

_____/

ORDER DENYING PLAINTIFF'S MOTION TO VACATE SENTENCE PURSUANT TO
28 U.S.C. § 2255

INTRODUCTION

     Daniel E. Cimini ("Petitioner") filed a *pro se* motion to vacate sentence pursuant to 28 U.S.C. § 2255 on April 11, 2005, alleging that his sentence violated his constitutional rights.  The government's opposition sought dismissal of the motion as untimely.  For the following reasons, the Court denies the motion to vacate sentence for failure to comply with the one year statute of limitations as set forth at 28 U.S.C. § 2255.

FACTS AND PROCEDURAL HISTORY

     Pursuant to a Rule 11 plea agreement, petitioner pleaded guilty to one count of Conspiracy to Commit Federal Crimes and one count of False Declarations before a Grand Jury on September 19, 2002.  On April 17, 2003, he was sentenced to serve 57

months imprisonment on each count, to be served concurrently.  An amended judgment was entered on April 30, 2003, which did not affect petitioner's sentence.

On June 28, 2004, petitioner filed a *pro se* motion to extend time for filing an appeal.  The Court denied the motion pursuant to Fed. R. App. P. 4(b)(4) for failure to file within 40 days from the entry of judgment.

Petitioner filed his *pro se* motion to vacate sentence on April 11, 2005.  Petitioner contends that: 1) his sentence is unconstitutional under *U.S. v. Booker*, 125 S.Ct. 738 (2005), because sentence enhancements were based on the mandatory, rather than advisory, use of the United States Sentencing Guidelines, 2) his attorney was ineffective for failing to object to the sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that all findings of fact (other than prior convictions) that increase the maximum penalty for a crime must be submitted to a jury, and 3) his attorney was further ineffective for failing to appeal the sentence.  The government filed a response in opposition to the motion on June 1, 2005, seeking its dismissal as untimely for failure to comply with the one year statute of limitations set forth in 28 U.S.C. § 2255.

<u>ANALYSIS</u>

Petitioner's main argument is that his sentence is unconstitutional because the Sentencing Guidelines were used in a mandatory manner rather than an advisory one as directed by the United States Supreme Court in *U.S. v. Booker*, 125 S.Ct. 738 (2005).

Section 2255 of Title 28, United States Code, establishes that a one year statute of limitations applies to motions to vacate sentence.  It also provides the time from which the period begins to run.

The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevent from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claim presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The timeliness of this motion depends upon which date the statute of limitations began to run against the petitioner.  Petitioner argues that, pursuant to § 2255(3), he has one year from the date *Booker* was decided.  If this were the case, the period would expire January 12, 2006, and the present motion would be timely.  The government argues, pursuant to § 2255(1), that the motion had to have been filed one year from the entry of the amended judgment, in which case, the statute of limitations would have expired on April 30, 2004 and the instant motion would be untimely.

In order for the statutory period to begin running from the date of a Supreme Court decision, that decision must be made retroactively applicable to cases on collateral review.  In *Booker*, the Supreme Court stated that the new rule is to be applied retroactively to all cases pending on direct review or not yet final. *United States v. Booker*, 125 S.Ct. 738, 769 (2005).  However, it is well settled in the Sixth Circuit that Booker does not apply retroactively to cases on collateral review.  *Humphress v. United States*, F.3d 855 (6th Cir. 2005).  Petitioner had 10 days from the entry of judgment to

file an appeal.  Since no appeal was filed, the statute of limitations began to run 10 days from the entry of judgment.  *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).  The judgment of conviction became final on May 10, 2003.  Accordingly, petitioner's motion to vacate sentence had to be filed within one year from that date, which it was not.

Petitioner's remaining argument is that his trial counsel was ineffective for failing to appeal the sentence. Petitioner effectively adopted the findings of fact and sentence guidelines contained in the pretrial report and waived any right to appeal his conviction or his sentence as part of a Rule 11 plea agreement.  However, even if it his allegations of ineffective counsel are taken as true, it still would not make this motion timely. Subsection 4 of § 2255 allows for tolling of the limitations period until "the date on which the facts supporting the claim or claim presented could have been discovered through the exercise of due diligence."  Petitioner was capable of discovering that no appeal had been filed well over a year before this motion to vacate was filed.  The last date an appeal could have been filed was on May 10, 2003, which was ten days after the entry of judgment.  Nearly two years have elapsed between the deadline for filing an appeal and the date this motion was filed.

<u>CONCLUSION</u>

Since it is well settled that *Booker* does not apply retroactively to cases on collateral review, and petitioner effectively waived any right to a direct review of the case as part of a Rule 11 plea agreement, the limitation period began to run 10 days from the entry of the amended judgment, which was more than one year ago. Therefore, the statute of limitations has expired and petitioner's motion to vacate sentence is untimely.  Accordingly, petitioner's motion is DENIED.

IT IS SO ORDERED.


s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  June 27, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 27, 2005, by electronic and/or ordinary mail.


s/Josephine Chaffee
Secretary/Deputy Clerk